*FRANK F. HELLMAN V. PROVINCE M. POGUE ET AL.

1. PURCHASE BY PLEDGEE OF PLEDGED PROPERTY AT OTHER THAN PUBLIC SALE DOES NOT CHANGE PLEDGE RELATION.
     A pledgee's sale in his private office upon notice only to a limited number of persons is not a public sale, and in the absence of express agreement, the pledge is not terminated by his bidding off the property.
2. CERTIFICATE OF SALE BY PLEDGOR TO PLEDGEE AFTER PAYMENT BY SURETY OF JUDGMENT SECURED BY PLEDGE DOES NOT DEFEAT SUBROGATORY RIGHTS OF SURETY IN PROPERTY PLEDGED.
     A certificate of sale of pledged property to pledgee as purchaser at other than public sale, made by pledgor subsequent to payment by surety of judgment secured by pledge, does not defeat surety's right of subrogation in the pledged property prescribed by Gen. Code 12194.

APPEAL from common pleas court.

*J. M. Dawson,* for plaintiff.

*C. B. Matthews* and *Pogue & Pogue,* for defendant.

**GIFFEN, P. J.**

A sale of pledged chattels by the pledgee upon notice given only to such persons as he deems liable to be interested in the

---

property and at his private office is not a public sale; and, in the absence of express agreement, if the property be bid off by him the contract of pledge is not thereby terminated, nor the relations of the parties changed. *Laclede Nat. Bank* v. *Richardson,* 156 Mo. 270, 281 [56 S. W. Rep. 1117; 79 Am. St. Rep. 528]; *Glidden* v. *Bank,* 53 Ohio St. 588 [42 N. E. Rep. 995; 43 L. R. A. 737].

A certificate by the pledgor of .such sale subsequent to the payment by a surety of two of the judgments secured by the pledge does not defeat the right of the surety to be subrogated to the rights of the judgment creditor or pledgee in the property pledged. R. S. 5836 (Gen. Code 12194), *Hill* v. *King,* 48 Ohio St. 75 [26 N. E. Rep. 988].

Decree for plaintiff.

Smith and Swing, JJ., concur.